UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ZEESHAN SHAIKH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | No. 3:11-CV-354 |
| | ) | (Collier/Shirley) |
| LINCOLN MEMORIAL UNIVERSITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

PLAINTIFF'S STATEMENT
OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Plaintiff Zeeshan Shaikh submits this Statement of Additional Undisputed Material Facts, pursuant to Rule 56 of the Federal Rules of Civil Procedure, that are necessary to supplement the Statement submitted by Defendant.

1. Zeeshan Shaikh submitted documentation to LMU of his learning disability in reading and Attention Deficit Hyperactivity Disorder–Predominately Inattentive Type to Dr. Jonathan Leo, Dean of Student Affairs at DeBusk College of Osteopathic Medicine, in April 2009 before beginning classes. (Neuropsychological Evaluation by NeuroBehavioral Associates, 2007, LMU Appendix)

2. Dr. Leo determined that Mr. Shaikh has a significant learning disability that affects his ability to read and comprehend written material. (Leo Dep., p. 58)

3. The accommodations recommended by Mr. Shaikh's health care provider, NeuroBehavioral Associates, included extended time of 100% of normal time for test taking; a

quiet room to take tests; access to software such as Kurzweil; access to books/CD on tape. (LMU Appendix)

4. Dr. Leo, without contacting NeuroBehavioral Associates or anyone else, emailed Mr. Shaikh that he would get the "standard" 50% additional time and a quiet place. (Leo Dep. pp. 17, 18, 43, 47, 54)

5. Dr. Leo did not investigate whether Mr. Shaikh needed or whether LMU could provide software or books on tape. (Leo Dep. 59)

6. No written accommodation plan was provided to Mr. Shaikh. (Leo Dep. p. 17)

7. The LMU-DCOM Student Handbook for Fall 2009 set out the procedure for receiving reasonable accommodations as follows:

> All documentation related to the student's disability and accommodations shall be maintained by the Assistant Dean of Students. Upon receipt of the documentation, the Assistant Dean of Students will meet with the student, either in person or by telephone, to discuss and make arrangements for accommodations for the upcoming semester. A Student Disabilities form will be completed listing the agreed upon accommodations, and will be signed by the student, the student's faculty members and the Assistant Dean of Students. This process shall be followed each semester for which the student wishes to request accommodations. If a problem arises concerning the reasonable accommodations, the student should contact the Assistant Dean of Students (Ext. 7094).

(Handbook, p. 85, Plaintiff's Appendix)

8. When Mr. Shaikh applied for readmission to LMU-DCOM in April 2010, he provided documentation to DCOM of a program that he had completed at Marshall University that included a recommendation that "continued use of the Ace Reader or other computer-based reading software is essential for Zeeshan to maintain and build upon the reading improvements made while at the program." (Report for Medical H.E.L.P. Program, dated February 24, 2010. LMU Appendix)

2

9. Before Mr. Shaikh met with the Appeals Board about his dismissal from DCOM, he provided a letter from Dr. Barbara Guyer, Professor of Special Education at Marshall University, dated May 7, 2011, recommending a reduced course load that "should result in successful completion of the Basic Science curriculum in three years." (Guyer Letter, LMU Appendix)

Plaintiff disputes the statement in LMU's Statement of Undisputed Material Facts Number 35 that "DCOM had provided all the accommodations he requested. . . ." As stated in Plaintiff's Statement of Additional Undisputed Material Facts, Number 3 above, he requested 100% additional time for test taking instead of 50% that was granted, and computer software and books on tape that would allow him to listen to written material. (Neuropsychological Evaluation by NeuroBehavioral Associates, 2007, LMU Appendix)

Plaintiff also disputes Statement Number 55 that he told the Student Progress Committee "I don't think medical school is for me. . .[b]ecause I [have] tried as hard as I could." That statement was made to Dr. Jonathan Leo in a private meeting. (Shaikh Dep. pp. 122-123).

Respectfully submitted,
/s/
William Allen, BPR#004264
MOSTOLLER, STULBERG, WHITFIELD & ALLEN
136 S. Illinois Ave. Suite 104
Oak Ridge, TN 37830
(865) 482-4466
ballen@msw-law.com

**CERTIFICATE OF SERVICE**

I certify that a true copy of Plaintiff's Statement of Additional Undisputed Material Facts

3

was emailed and placed in the U.S. Mail, postage prepaid, to the attorney for Defendant, John Winters, on this 3rd day of February, 2014.

                                              /s/
                                        William Allen